UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHARLES BREWSTER SQUIRES, JR., | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-1219 (RMC) |
| LEROY BROWN, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

In this civil action brought *pro se*, plaintiff Charles Brewster Squires, Jr., sues Leroy Brown and Troy McNish, both residents of North Carolina, for breach of contract and "intentional negligence" based on the alleged breach. Mr. Brown has not appeared in the case and a default has been entered against him.[1] Mr. McNish, proceeding *pro se*, moves to dismiss the complaint [Dkt. No. 16]. Because neither the complaint nor Mr. Squires's opposition reveals an essential element of a binding contract, *i.e.*, consideration, the Court will grant Mr. McNish's motion to dismiss, deny Mr. Squires's motion for a default judgment against Mr. Brown [Dkt. No. 27] and dismiss the complaint in its entirety pursuant to 28 U.S.C. § 1915.[2]

---

[1] By Order of January 30, 2009, the Court deferred ruling on Mr. Squires's motion for a default judgment to permit him time to document his actual damages in support of a demand for a sum certain.

[2] When, as here, a plaintiff is permitted to proceed *in forma pauperis*, the Court is required to "dismiss the case at any time [it] determines that. . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court liberally construes both parties' *pro se* submissions. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972)

## I.  BACKGROUND

Mr. Squires alleges that he entered into a verbal contract with Mr. Brown "to unconditionally represent my inventions," and a written contract with Mr. Brown and Mr. McNish "to give me promotional photo-shoots taken in December 2007."  Compl. at 1.  Mr. Squires claims that both contracts were created in the District of Columbia, but he has not produced the written contract.  Mr. McNish asserts that he met Mr. Squires through Mr. Brown, who was trying to help Mr. Squires market his inventions through "a digital video disk (DVD)."  Def.'s Mot. at 1.  The DVD was also intended to showcase Mr. Squires's "challenges" as a homeless man.  *Id*.  Mr. Brown recruited Mr. McNish in December 2007 "to help create a DVD for Mr. Squires to send out to TV personalities."  *Id*.  The DVD was "never completed . . . because [Mr. Squires] became pushy and commanding."  Def.'s Mot. at 2.  Hence, the Defendants "have nothing to give [Mr. Squires]."  *Id*.

At some unspecified time, at Mr. Squires's request, Mr. Brown allegedly contacted a company to "assist in making [Mr. Squires] a prototype of one of [his] inventions and promoting . . . the invention to companies[.]"  Pl.'s Opposition to Co-Defendant Troy McNish's Motion to Dismiss [Dkt. No. 25] at 3.  Mr. Brown met with Mr. Squires in the District and presented him with a confidentiality agreement from the company, Invention Support, Inc., which would have protected Mr. Squires's rights to his inventions.  *See* Def.'s Mot., Attach.  Although Mr. Squires signed the agreement, which also was signed by a representative of Invention Support, he "refused to allow Mr. Brown to pay the $2000 [or $3,000] prototype and licensing fee."  Def.'s Mot. at 1; Pl.'s Opp'n at 3-4.  Rather, Mr. Squires threatened to sue Invention Support for breach of contract based on its pre-payment requirement, but Mr. Brown "said he

was not going to be part of the lawsuit." Pl.'s Opp'n at 4. Mr. Squires then "instructed Mr. Brown to retrieve all of my materials from the company." *Id*. Allegedly, Mr. Brown agreed to do so, but he had not retrieved the materials at the time this civil action commenced on July 17, 2008. *Id*. On September 9, 2008, Mr. Squires filed with his unsuccessful motion for a default judgment against Mr. McNish a bulky notebook containing sketches of his "Unique Inventions" [Dkt. No. 6-3].

## II. ANALYSIS

Mr. McNish asserts that "Mr. Squires was not [] taken advantage of . . . [,] has not been cheated [or] lost money." Def.'s Mot. at 2. At this pleading stage, a complaint may be dismissed for failure to state a claim upon a determination that the plaintiff cannot establish "any set of facts consistent with the allegations in the complaint" to support the alleged violation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___ 127 S.Ct. 1955, 1969 (2007) (citations omitted); *see Harris v. Ladner,* 127 F.3d 1121, 1123 (D.C. Cir. 1997), *cert. denied,* 531 U.S. 1147 (2001); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). The court need not accept legal conclusions cast as factual allegations, *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004), or "inferences drawn by [the plaintiff] if such inferences are unsupported by the facts set out in the complaint," *Kowal*, 16 F.3d at 1276.

A breach of contract claim necessarily depends on the formation of a contract. *See Park v. Arnott*, 1991 WL 184521 * 4 (D.D.C. July 14, 1992) ("To state a claim for breach of contract, a complaint must allege that a contract existed, that plaintiff performed its contractual obligations, that defendant breached the contract, and that plaintiff suffered damages due to the breach.") (citation omitted); *Fowler v. A & A Co.*, 262 A.2d 344, 347 (D.C. 1970) ("Breach is

'an unjustified failure to perform all or any part of what is promised in a contract' entitling the injured party to damages.") (citations omitted). "Consideration is, of course, a required element of contract formation." *ATACS Corp. v. Trans World Communications, Inc.*, 155 F.3d 659, 665 (3d Cir. 1998); *see Henke v. U.S. Dep't of Commerce*, 83 F.3d 1445, 1450 (D.C. Cir. 1996) (listing "essential elements" of a contract as "competent parties, lawful subject matter, legal consideration, mutuality of assent and mutuality of obligation") (citations omitted); *St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*, 573 F. Supp.2d 152, 173 (D.D.C. 2008) ("Under the law of the District of Columbia, parties may orally modify a written contract through mutual consent, provided that 'the modification [] possess[es] the same elements of consideration as necessary for normal contract formation.'" (internal citation omitted)). "The party asserting the existence of an enforceable contract . . . bears the burden of proof on the issue of contract formation." *Virtual Defense and Development Intern., Inc. v. Republic of Moldova*, 133 F. Supp.2d 9, 17 (D.D.C. 2001).

Although Mr. Squires claims a breach of contract, he has not provided a written contract or alleged any facts to support the formation of a contract between him and either of the Defendants. Mr. Squires alleges only that Mr. Brown promised "to unconditionally represent my inventions" and that both Defendants promised "to give me promotional photo-shoots taken in December 2007."[3] Compl. at 1. He has not identified the "material terms" of an enforceable contract, especially the "bargained-for" consideration.[4] *Clay v. Chesapeake & Potomac Tel. Co.*,

---

[3] Mr. Squires attached to the aforementioned motion for default judgment against Mr. McNish a written agreement purportedly signed by the parties on December 1, 2007 that prohibits the distribution of the photos without his written consent [Dkt. No. 6-2]. For the reasons discussed next, that document lacks the necessary elements of an enforceable contract.

[4] "(1) Consideration for a promise is (a) an act other than a promise, or (b) a forbearance, or (c) the creation, modification or destruction of a legal relation, or (d) a return promise,
(continued...)

184 F.2d 995, 996 (D.C. Cir. 1950) ("[N]either money nor benefit moving to the promisor is essential to a contract; consideration may consist as well of detriment to the promisee. The essence of consideration, however, . . . is that it is a bargained-for equivalent.") (citation omitted). Mr. McNish's statement that "Mr. Squires promises millions if the inventions sold [but that] [n]o one really cared about that," Def.'s Mot. at 1, also suggests the lack of an agreement on the element of consideration. The complaint fails to allege any facts from which the necessary "meeting of the minds with respect to the material terms" can be found or reasonably inferred. *Segar v. Mukasey*, 508 F.3d 16, 21 (D.C. Cir. 2007) (citation and internal quotation mark omitted); *Virtual Defense*, 133 F. Supp.2d at 17 ("For an enforceable contract to exist under D.C. law, there must be agreement as to all material terms [*e.g.*, subject matter, price, payment terms, quantity, quality and duration] and an intention of the parties to be bound.") (citation omitted). In other words, Mr. Squires has not pleaded "with sufficient definiteness" to support the formation of a contract. *Virtual Defense*, 133 F. Supp.2d at 18.

As for the negligence claim, Mr. Squires must allege facts establishing "(1) a duty, owed by the defendant to the plaintiff, to exercise reasonable care, (2) a breach of this duty, and (3) an injury to the plaintiff proximately caused by the defendant's breach." *Wilson v. Good Humor Corp.*, 757 F.2d 1293, 1297 n.3 (D.C. Cir. 1985). Mr. Squires has acknowledged Mr. Brown's efforts to have a prototype of his invention built and the recruitment of Mr. McNish to create a DVD showcasing him and his inventions. Thus, to the extent that Mr. Squires could show a duty owed him, he has failed to state any facts from which a breach of said duty can be found or reasonably inferred.

---

⁴(...continued)
bargained for and given in exchange for the promise." Restatement (First) of Contracts § 75 (1932).

Even if Mr. Squires had stated claims for breach of contract and negligence, he would not prevail in the suit because he has not alleged any facts supporting an injury to him. On the contrary, the Defendants "traveled [from North Carolina] and spent [their] money on gas." Def.'s Mot. at 2. And Mr. Brown either paid or was going to pay Invention Support to develop the prototype, but Mr. Squires told Mr. Brown that "if you send the money[,] I am not going to reimburse you when or if the invention sells!" Pl.'s Opp'n at 4. If anything, Mr. Squires has not upheld his part of the purported bargain.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Mr. Squires has failed to state a claim upon which relief may be granted and, thus, grants Mr. McNish's motion to dismiss. A separate Order dismissing the complaint in its entirety accompanies this Memorandum Opinion.

Date: April 2, 2009  /s/
ROSEMARY M. COLLYER
United States District Judge